UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GILBERT HUNT,

            Plaintiff,                          Civil Action No. 5:11-CV-0415
                                                                       (GTS/ATB)
    v.

COMMUNITY GENERAL HOSPITAL,

            Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

GILBERT HUNT
  Plaintiff, *Pro Se*
519 Lynch Avenue
Syracuse, NY 13207

BOND SCHOENECK & KING, PLLC       LAURA H. HARSHBARGER, ESQ.
  Counsel for Defendant
One Lincoln Center
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION AND ORDER

      Currently before the Court, in this *pro se* employment civil rights action filed by Gilbert Hunt ("Plaintiff") against Community General Hospital ("Defendant"), is Defendant's motion to dismiss. (Dkt. No. 13.) For the reasons set forth below, Defendant's motion is granted, one of Plaintiff's three claims is dismissed with prejudice, and the two remaining claims are conditionally dismissed unless, within thirty days of the date of this Decision and Order, he files an Amended Complaint curing the pleading defects described in this Decision and Order.

-1-

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Claims**

Generally, liberally construed, Plaintiff's Complaint claims that in 2009 Defendant violated Plaintiff's following rights in the following manner: (1) it discriminated against him based on race during the course of his employment in violation of Title VII; and (2) it terminated his employment with a racially discriminatory purpose in violation of Article 15 of the New York Executive Law; and (3) it falsely accused him of committing an employment violation in a defamatory manner. (Dkt. No.1, at ¶¶ 4, 8, 9.)  In support of these claims, Plaintiff alleges that on April 20, 2009, at Community General Hospital in Syracuse, New York, he was "written up" and subsequently dismissed from his job, after the head of the department in which he worked accused him of falsifying documents and acting in an insubordinate manner. (Dkt. No. 1 at ¶ 8.) Plaintiff further alleges that he was falsely accused of a violation the he did not commit and that the reason for his dismissal was a pretext for terminating him because of his race. (*Id*. at ¶ 9.)  As relief for his injuries, Plaintiff seeks twenty million dollars in damages. (*Id*. at ¶ 15.)

Familiarity with the claims, factual allegations, and request for relief in Plaintiff's Complaint is assumed in this Memorandum-Decision and Order, which is intended primarily for review by the parties.

   B.   **Defendant's Motion**

Generally, in support of its motion to dismiss, Defendant argues as follows: (1) based on Plaintiff's own factual allegations, Plaintiff is time-barred from asserting a Title VII cause of action, (2) Plaintiff's New York Human Rights Law causes of action are jurisdictionally defective, and (3) Plaintiff's third cause of action is insufficiently pled. (Dkt. No.11, Attach. 2.)

Despite the fact that Plaintiff was *sua sponte* provided a courtesy copy of the District's *Pro Se* Handbook and Local Rules of Practice on April 27, 2011 (both of which clearly advised him of the consequence of failing to sufficiently oppose a properly supported motion) and the fact that Plaintiff was twice specifically advised that Defendant's motion would be decided based on the papers submitted by the parties (*see* Text Notices dated June 8, 2011, and Nov. 2, 2011) Plaintiff has failed to file an opposition to Defendant's motion, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.  *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.  Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949  (internal citations and alterations omitted).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted). This pleading standard applies even to *pro se* litigants.  While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[1]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[2]  Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[3]

---

[1]  *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[2]  *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[3]  It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement

### B. Legal Standard Governing Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### C. Legal Standard Governing Unopposed Motions

In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein...."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n. 1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting

---

did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

cases).[4]

### III. ANALYSIS

#### A. Whether, Based on Plaintiff's Own Factual Allegations, He Is Time-Barred From Asserting a Title VII Cause of Action

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law.  (Dkt. No. 13, Attach. 2, at 6-7 [attaching pages "2" and "3" of Def.'s Memo. of Law].) The Court would only add one point.  Because Plaintiff fails to sufficiently respond to Defendant's first argument, Defendant's burden with regard to the argument is "modest."  *See, supra,* Part II.C. of this Decision and Order.  While Defendant has met that modest burden with regard to this argument, the Court would accept the argument even if it were to subject the argument to the more rigorous scrutiny appropriate for a contested motion.

For these reasons, the Court finds that Plaintiff's Title VII claim must be dismissed.

#### B. Whether Plaintiff's New York Human Rights Law Causes of Action Are Jurisdictionally Defective

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law.  (Dkt. No. 13, Attach. 2, at 7-10 [attaching pages "3" through "6" of Def.'s Memo. of Law].) The Court would only add one point.  Again, because Plaintiff fails to sufficiently respond to Defendant's second argument, Defendant's burden with regard to the

---

[4]    *Cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at *10 n. 108 (S.D.N.Y. Sept.8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

argument is "modest." *See, supra,* Part II.C. of this Decision and Order. While Defendant has met that modest burden with regard to this argument, the Court would accept the argument even if it were to subject the argument to the more rigorous scrutiny appropriate for a contested motion.

For these reasons, the Court finds that Plaintiff's Human Rights Law claim must be dismissed.

### C. Whether Plaintiff's Third Cause of Action Is Insufficiently Pled

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13, Attach. 2, at 10-11 [attaching pages "6" and "7" of Def.'s Memo. of Law].) The Court would only add one point. Again, because Plaintiff fails to sufficiently respond to Defendant's second argument, Defendant's burden with regard to the argument is "modest." *See, supra,* Part II.C. of this Decision and Order. While Defendant has met that modest burden with regard to this argument, the Court would accept the argument even if it were to subject the argument to the more rigorous scrutiny appropriate for a contested motion.

For these reasons, the Court finds that Plaintiff's defamation claim must be dismissed.

### D. Whether to Dismiss Plaintiff's Complaint With or Without Prejudice

Generally, when a district court dismisses a *pro se* civil rights action, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.

As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").[5] This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355 at *1. As explained above in Part III.A. of this Decision and Order, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the

---

[5] The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). Thus, this standard does not appear to be an accurate recitation of the governing law.

procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12; rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.

Here, because the defect in Plaintiff's Human Rights Law claim is jurisdictional arising from the election-of-remedies provision of the New York Human Rights Law, the Court finds that the defect is substantive in nature such that better pleading will not cure it. *See, e.g., Janneh v. Regal Entm't Group*, 07-CV-0079, 2007 WL 2292981, at *1, 5 (N.D.N.Y. Aug. 6, 2007) (McAvoy, J.) (dismissing with prejudice plaintiff's claims of employment discrimination claims pursuant to the New York Executive Law based on election of remedies, pursuant to Fed. R. Civ. P. 12[b][1]).  As a result, that claim is dismissed with prejudice.

However, because the defect in Plaintiff's Title VII claim is not jurisdictional but results from the pleading of facts plausibly suggesting that the claim is untimely, the Court finds that the defect is formal in nature such that better pleading might cure it. (Dkt. No. 1, at ¶ 11).  *See Saunders v. Lupia*, 07-CV-2408, 2009 WL 2525135, at *2, n.1 (E.D.N.Y. Aug. 17, 2009) ("Although defendants, in addition to moving under Rule 12(b)(6), makes the motion under Rule 12(b)(1) for lack of subject matter jurisdiction on any Title VII claim asserted by plaintiff because it is time-barred, it is well-settled that the timing requisites of Title VII claims are not jurisdictional and, thus, subject to, among other things, equitable tolling"); *Smith–Haynie v. Dist. of Columbia*, 155 F.3d 575, 577

(D.C. Cir.1998) (noting that a statute of limitations defense under Title VII is properly considered under Fed. R. Civ. P. 12[b][6]); *Tate v. I.B.E.W.--N.E.C.A. Tech. Inst.*, 09-C-1592, 2009 WL 3839319, at *4 (N.D.Ill. Nov. 10, 2009) ("Because the face of Tate's Complaint clearly shows his charges are time-barred under Title VII, he has pled himself out of court under Rule 12(b)(6)."). The same is true with regard to Plaintiff's defamation claim. As a result, those two claims are only conditionally dismissed: they will be dismissed with prejudice without further Order of this Court unless, within thirty (30) days of the date of this Decision and Order, Plaintiff files an Amended Complaint that cures the pleading defects identified with regard to those two claims. Plaintiff is advised that any such Amended Complaint must be a complete pleading that does not incorporate by reference any portion of his original Complaint, but that will replace and supersede his original Complaint in its entirety.

    **ACCORDINGLY**, it is

    **ORDERED** that Defendant's motion to dismiss (Dkt. No. 13) is <u>**GRANTED**</u>; and it is further

    **ORDERED** that the Human Rights Law Claim asserted in Plaintiff's Complaint is <u>**DISMISSED**</u> **with prejudice**; and it is further

    **ORDERED** that the remaining two claims in Plaintiff's Complaint (i.e., the Title VII claim and the defamation claim) are only **conditionally** <u>**DISMISSED**</u>: they **will be DISMISSED with prejudice** without further Order of this Court **UNLESS, within THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an Amended Complaint that cures the pleading defects identified with regard to those two claims; and it is further

**ORDERED** that, upon Plaintiff's filing of an Amended Complaint, the Clerk of the Court shall return the file to this Court further review.

Dated:   August 2, 2012
         Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge